IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01086-BNB

ALEXANDER N. GARCIA,

    Plaintiff,

v.

JOE ORTIZ, Executive Director of D.O.C.,
CORRECTIONAL OFFICER, RORICK, (CTCF),
CORRECTIONAL OFFICER, JOHNSON (CTCF),
CORRECTIONAL OFFICER, H. WILLIAMS (CTCF)
CORRECTIONAL OFFICER, SGT. CELLA (CTCF),
CORRECTIONAL OFFICER, SGT. MULAY (CTCF),
NURSE PRACTITIONER SHEILA (DOE) (CTCF),
JAMES E. ABBOTT, (CTCF) Warden,
KEVIN MILYARD, (CTCF) Associate Warden,
TANYA GARCIA, Social Services Technician,
NURSE PRACTITIONER MARYANN ALESSI,
DR. BAUTISTA, (ACC) Doctor,
DELORES MONTOYA, Health Admin Services,
PATRACIO MANZANERAS, (ACC) Major,
MAJOR MASSEE, (ACC) Major, and
CARL ZENNON, (ACC) Warden,

    Defendants.

FILED
UNITED STATES DISTRICT COURT

JUL 2 0 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Alexander N. Garcia was a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Bent County Correctional Facility in Las Animas, Colorado, when he filed *pro se* a civil rights complaint. He since has informed the Court that he is residing at a community corrections facility, i.e, the Centennial Community Transition Center.

On July 14, 2006, Mr. Garcia submitted a motion for a preliminary injunction and

a request for Court-appointed counsel. He seeks medical treatment for his injured right ankle, which he argues requires surgery according to the DOC. He contends that he has been denied medical assistance from the state clinic for the homeless in Denver because he is in DOC custody at a community corrections facility and from the University of Colorado emergency department in Denver because his injury is not an emergency. He speculates that without medical treatment he risks further damaging his injuries.

In his motion for injunctive relief, Mr. Garcia asks for medical treatment for his injured right ankle. The Court must construe the motion liberally because Mr. Garcia is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the motion for a preliminary injunction.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Garcia fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Therefore, the Court will deny the motion for a preliminary injunction. Accordingly, it is

ORDERED that the motion for a preliminary injunction submitted by Plaintiff

Alexander N. Garcia and filed with the Court on July 14, 2006, is denied. It is

FURTHER ORDERED that the request for appointment of counsel is denied as premature.

DATED at Denver, Colorado, this 19 day of _____July_____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01086-BNB

Alexander N. Garcia
Prisoner No. 82593
Centennial Community Transition Center
14485 East Fremont Avenue, Room 16
Englewood, CO 80112

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/20/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk